Fithian, J.
(dissenting). There is but one exception to the rulings of the court on the trial. Evidence was given on the part of plaintiffs showing the condition and appearance of the packages of butter when shipped on board defendants’ steamer; also their appearance and condition when delivered at the port of destination. The master of the vessel was called for the defendants, and testified, among other things, thus : “ When we arrived, the packages (firkins) were in good order; that is, externally, they presented a good appearance; there was no leakage ; I noticed more or less grease from the contents havi/ng oozed out.” He was then asked to state whether “ that was from the liquefacth *673 of the butter?” This question was objected to, and the answer excluded by the court. The question was objectionable. It called for an opinion of the witness as to whether the greasy appearance' on the outside of the casks or package indicated a liquefied condition of the contents. From aught that appears in the case, the jury were quite as competent to form an opinion on that subject as the witness. The latter was not shown 'to possess any peculiar or exclusive knowledge on the subject which would make his opinion competent as evidence. Beside, this was one of the questions to be passed upon by the jury, the defendants claiming that the liquefaction, if at all, occurred after the butter was delivered. I think the evidence was properly excluded. The only remaining question is, whether the verdict of the jury is so decidedly against and unsustained by evidence as that it ought to be set aside for that reason.
The plaintiffs gave evidence, which was not materially contradicted, tending to show that the butter, when shipped, was in prime order and condition, well and properly packed in proper and sufficient packages or firkins; that, on delivery to the consignee at the port of destination, the packages were found to be externally soiled and greasy, and, on being opened, it was found that from one third to one half the contents of each package was lost or missing, and the remaining butter was in an “ oily or cooked” condition. Other witnesses testified that the butter was “ melted,” “ liquefied,” and had run out of the casks in consequence. After considerable evidence of this character, and other evidence on the' question of damages, plaintiffs rested. Defendants then called the .master of the vessel and the steve-, dore who superintended the stowing of the cargo, both of whom testified positively in substance that the packages of butter in question were carefully and properly stowed near the foremast of the ship, somq eighty feet distant from the boilers, and eighteen feet below the water-line, which was the coolest and safest place possible on board the ship for the stowage of such freight. Evidence was also given to show that at the time of tins voyage the weather was very hot, the thermometer ranging *674 from eighty to eighty-five degrees in the shade in New York, and from ninety-two to ninety-three degrees in New Orleans ; that the temperature of the water was . about eighty-five degrees, and that he supposed the temperature in the hold of the ship was about the same ; and that he had ten thousand dollars' worth of butter in that cargo, none of which was injured but this particular lot. Upon this evidence counsel for defendants claims that he has, by positive and uncontfadicted evidence, so conclusively rebutted the presumption of negligence arising from the lost and damaged condition of the butter when delivered, as to demonstrate that, if the liquefaction and loss of the butter occurred on board ship, it must have arisen from the heat of the weather acting upon the inherent qualities of the article. And for such damage, it is conceded, the defendants are not liable. The plaintiffs, in reply, however, gave evidence tending to show, and which, if credited by the jury, did show, that butter, well and properly packed and stowed, could and constantly did make the voyage from New York to New Orleans without loss or damage, in a temperature of eighty-five degrees and upward. And from this evidence, and the fact that other butter was carried safely on this ship and voyage, and other circumstances, the plaintiffs’ counsel insists that the jury were justified in discrediting the testimony of the master and stevedore ' as to the place and manner of stowage of these seventeen firkins, and that they must have so decided. A jury is not bound to accept as true every statement made by a witness, although sworn to positively, and within the witness’s knowledge, and not directly contradicted. If the witness be in any respect impeached in his credibility, or if there be other facts sworn to in the case which are inconsistent with such statements, they may be disregarded by the jury. In such case there is a conflict of evidence authorizing the jury to determine. And unless the verdict be so clearly against the weight of evidence as to indicate passion, prejudice, or inattention to duty on the part of the jury, it will not be disturbed. Such I understand to be the settled rale in applications to set aside verdicts as against the weight of *675 evidence. In Lewis v. Blake (10 Bosworth, 198), Monell, J., states the rule to have been uniform for many years that the court will not interfere with the verdict of the jury unless it is dearly against the weight of evidence. In that case there was positive testimony on one side and indirect and inferential on the other. So in Cathron v. Collins (29 How. P. R., 155), the General Term of the Supreme Court, per Grover, J., held, that although in that case his impression was strong that the verdict was not in accordance with the truth, still, as it was not so flagrant as to show passion, prejudice, or inattention to duty, it should be sustained.
In the case at bar the condition and quality of the butter when shipped, its wasted and damaged Condition when delivered and examined at the port of destination, and whether that damage occurred from want of care and attention on the part of defendants’ servants, or from some other cause for which they were not responsible, were all questions of fact, in respect to which the evidence was conflicting, and the verdict of the jury should cond/ude the parties.
Judgment should be affirmed, with costs.